IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| vs. ) | Case No. 17 C 2562 |
| ) | |
| DANIEL SPITZER, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Daniel Spitzer pled guilty to ten counts of mail fraud. During sentencing, Judge James Zagel found he caused $34 million in losses and sentenced him to 300 months in prison.[1] Spitzer has moved under 28 U.S.C. § 2255 to set aside his guilty plea and sentence.

## Background

Spitzer was the principal officer and sole shareholder of Kenzie Financial Management, a corporation headquartered in the U.S. Virgin Islands. Through Kenzie, Spitzer controlled twelve investment funds, known as the Kenzie Funds. Between 2004 and 2010, investors placed over $100 million in the Kenzie Funds. But the Kenzie Funds were not sound investments. Spitzer overstated the value of the funds, distributed fraudulent account statements, and distributed new funds to earlier investors

---

[1] This case was later reassigned to the undersigned judge pursuant to 28 U.S.C. § 294(b). *United States v. Spitzer*, No. 10 C 651, D.E. 455 (N.D. Ill. Feb. 15, 2017).

who wanted their money back.  In other words, the Kenzie Funds were a Ponzi scheme.

Eventually, the scheme fell apart.  Of the approximately $105 million invested in the Kenzie Funds, $71 million was paid back out to investors.  On the eve of trial, Spitzer pled guilty to ten counts of mail fraud under 18 U.S.C. § 1341.  In Spitzer's pre-sentence report, the government recommended finding approximately $34 million in losses, the difference between the $105 million that investors placed in the Kenzie Funds and the $71 million that the Funds paid back to investors.  Spitzer alleges that he gave his attorney a flash drive containing information that would show that the government's loss calculations were rife with inaccuracies, but his attorney never reviewed it or used it in his arguments regarding losses at sentencing.  Judge Zagel ultimately adopted the government's loss calculation.

Judge Zagel sentenced Spitzer to two consecutive 150-month sentences and imposed approximately $34 million in restitution.  Spitzer appealed his sentence.  Before the Seventh Circuit, he argued that Judge Zagel failed to adequately explain why he agreed with the pre-sentence report. The Seventh Circuit affirmed the sentence, concluding that no such explanation was needed.  *United States v. Spitzer*, 812 F.3d 613, 614 (7th Cir. 2016).

In April 2017, Spitzer's attorney filed the current motion under 28 U.S.C. § 2255.  Several months later, the attorney filed a memorandum in support of the motion.  But Spitzer did not submit an affidavit in support of his claims, so there was no sworn evidence by which the Court could evaluate Spitzer's claims.  After reviewing the briefs, the Court invited Spitzer to submit an affidavit or other evidence to support his claims. *See Kafo v. United States*, 467 F.3d 1063, 1071 (7th Cir. 2006).  Spitzer then filed an

2

affidavit in which he stated that his attorney told him there were "meritorious challenges" to the government's proposed loss calculations and that he provided the attorney with a flash drive containing documents that would support this challenge. D.E. 28 ¶¶ 2-3 (Spitzer Aff.). Spitzer also stated that the attorney never reviewed these materials and failed to make a meritorious challenge to the loss calculation. *Id.* ¶¶ 4-5. Last, Spitzer stated that he pled guilty because his attorney advised him there would be viable challenges to the loss calculation. *Id.* ¶¶ 6-7.

**Discussion**

Under section 2255, a federal prisoner may move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution or laws of the United States or that is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Spitzer's section 2255 motion rests on three grounds.

First, Spitzer contends his plea was not voluntary, knowing, and intelligent, because his attorney did not provide him access to certain discovery materials.[2] Mot. to Vacate at 5. A guilty plea is valid as long as it is entered "voluntarily, knowingly, and intelligently," with knowledge of "the relevant circumstances and likely consequences." *United States v. Davey*, 550 F.3d 653, 656 (7th Cir. 2008) (*quoting Bradshaw v. Stumpf*, 545 U.S. 175, 182-83 (2005)). Spitzer contends that he pled guilty because he did not have time to prepare a defense with these materials.

The government argues that this claim should be dismissed outright as an undeveloped argument. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991). Spitzer's argument is undeveloped, but even if were not forfeited, the Court

---

[2] The materials are apparently different from those Spitzer contends he offered his attorney regarding the loss calculation.

would deny it on the merits. Beyond a general allusion to discovery materials—which Spitzer does not further describe—he does not explain how the absence of these materials impaired his ability to "cho[ose] among the alternative courses of action" available to him before pleading. *Davey*, 550 F.3d at 656 (citation omitted). Without any description of the discovery materials that he considers significant or how they relate to his decision to plead guilty, Spitzer cannot prevail on this argument. The Court therefore overrules Spitzer's first claim.

Second, Spitzer argues his attorney provided ineffective assistance of counsel during sentencing. Specifically, Spitzer contends that his attorney contested the government's loss calculation without reviewing materials that Spitzer had provided to him on a flash drive, which Spitzer says established a smaller amount of loss. Mot. to Vacate at 6. The government tries to characterize this as a challenge to the sentencing calculation itself. By failing to raise this issue on direct appeal, the government contends, Spitzer procedurally defaulted any challenge to the loss calculation. A claim not raised on direct appeal generally cannot be later raised on collateral review, unless the defendant shows cause for his failure to raise the issue and prejudice resulting from the default. *Massaro v. United States*, 538 U.S. 500, 504 (2003). The Court disagrees with the government's characterization. Spitzer challenges the effectiveness of his attorney's representation during sentencing, not the sentencing calculation itself. The government's procedural default argument therefore fails, as "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.*

To prevail on an ineffective assistance of counsel claim, Spitzer must show that

4

(1) his attorney's performance was objectively deficient and (2) he experienced prejudice from his attorney's error. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). When a court finds that a petitioner has not met one of the *Strickland* elements, it need not address the other element. *Id.* at 697. To establish prejudice in connection with sentencing, Spitzer must show a "reasonable probability" that the results of the sentencing hearing would have been different but for counsel's deficient performance. *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005).

Spitzer has failed to show the requisite prejudice. Spitzer contends that he provided his attorney with "thousands of documents that would illustrate how the government's loss calculations were in error." D.E. 28 ¶ 3 (Spitzer Aff.). But Spitzer's bare assertion that the documents would have changed the outcome of sentencing is not enough; he has to tell the Court *what* these documents state and *how* the documents would change the outcome of sentencing. He has not done so.

Relatedly, an attorney may also render ineffective assistance of counsel by failing to investigate a client's case. *See, e.g., Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003). If Spitzer intends to argue that his attorney rendered ineffective assistance by failing to investigate the flash drive, however, he must make a showing regarding what a proper investigation would have produced. Spitzer's failure to elaborate on what the materials in question contained forecloses this argument as well. The Court therefore overrules Spitzer's second claim.

Third, Spitzer contends that he received ineffective assistance of counsel that induced him to plead guilty. Spitzer argues that his attorney advised him that there were meritorious arguments that could be raised during sentencing; he pled guilty on

this advice; but the attorney never offered the arguments during sentencing. Mot. to Vacate at 8. To establish the requisite prejudice on this contention, Spitzer must show that, but for his attorney's advice, there is a "reasonable probability" he would have gone to trial. *Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006).

The Court concludes that Spitzer has wholly failed to establish prejudice relating to this claim. All he offers is a bare assertion that, but for his attorney's purported errors, he would have gone to trial. The Seventh Circuit has "stated many times that a mere allegation by the defendant that he would have insisted on going to trial is not sufficient to establish prejudice." *Id.* at 718 (citations omitted). In *Clay v. United States*, No. 15 C 2575, 2018 WL 1875594 (N.D. Ill. Apr. 19, 2018), the defendant alleged his attorney advised him he would obtain a sentencing reduction for acceptance of responsibility, but the reduction never materialized. *Id.* at *8. The defendant contended that, but for this bad advice, he would have gone to trial. *Id.* The court overruled this contention, concluding that the defendant had not provided any explanation for why, in light of this error, he would have preferred trial. *Id.* Similarly, Spitzer's contention—a bare and unexplained assertion that he would have gone to trial but for his attorney's purported error—fails to meet his burden. The government also notes that Spitzer's position is at odds with his statements in his plea declaration and during the plea colloquy, but the Court does not need to rely upon this to resolve Spitzer's claim.

Finally, because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief," the Court denies Spitzer an evidentiary hearing. *Koons v. United States*, 639 F.3d 348, 354-55 (7th Cir. 2011) (citation omitted).

**Conclusion**

For the reasons stated above, the Court directs the Clerk to enter judgment denying Daniel Spitzer's motion under 28 U.S.C. § 2255. The Court declines to issue a certificate of appealability, because the Court can find nothing to suggest that the merits of the claims that were rejected are debatable, capable of different resolution, or deserving of further consideration. See 28 U.S.C. § 2253(c)(2); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *Porter v. Gramley*, 112 F.3d 1308, 1312 (7th Cir. 1997).

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 16, 2018